UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO
--------------------------------------------------------------

THOMAS E. PEREZ, Secretary of Labor,     :
United States Department of Labor,           Civil Action No. 15-CV-1166(ccc)

:

                              Plaintiff,           :
            v.
                                                  :     **COMPLAINT**

PATRICIO'S RESTAURANT INC. d/b/a JOSE     :
JOSE RESTAURANT, EL CATADOR
D'ABREU, INC. d/b/a EL CATADOR              :
D'ABREU, JOSE ABREU-RAMIREZ,
individually and as officer, and MILAGROS DE  :
LOS SANTOS-GOMEZ, individually and as
officer,                                         :

                                                  :

                              Defendants.          :

--------------------------------------------------------------

**COMPLAINT**

Plaintiff Thomas E. Perez, Secretary of the United States Department of Labor, alleges:

1.      This action arises under the Fair Labor Standards Act of 1938, as amended (the

"Act" or "FLSA"), 29 U.S.C. § 201, *et seq.*, and is brought by the Secretary of Labor under

sections 16(c) and 17 of the Act, alleging that defendants violated sections 6, 7, 11(c), 15(a)(2),

15(a)(3), and 15(a)(5) of the Act to recover back wages, liquidated damages and to enjoin acts

and practices which violate the provisions the FLSA, and to obtain other appropriate relief.

2.      Section 11(a) of the FLSA empowers the Secretary to investigate the wages,

hours, and practices of employment, to enter and inspect such places of employment, to question

such employees, and investigate such facts, conditions, practices, or matters as he may deem

necessary or appropriate to determine whether any person or employer has violated any provision of the FLSA. 29 U.S.C. § 211(a).

3.       Section 16(c) of the Act authorizes the Secretary to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 6 or 7 of the Act and to bring an action in court to recover such amounts and an equal amount of liquidated damages, 29 U.S.C. § 216(c).

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over this action pursuant to sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217.

5.       Venue of this action lies in this District because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

6.       Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

7.       Defendant PATRICIO'S RESTAURANT INC. d/b/a JOSE JOSE RESTAURANT ("PATRICIO'S RESTAURANT") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico that has its office and principal place of business at 1110 Magdalena Avenue, San Juan, Puerto Rico 00907, where it is engaged in the operation of a fine dining restaurant. It has been in business since at least 1995.

8.       Defendant EL CATADOR D'ABREU, INC. d/b/a EL CATADOR D'ABREU ("EL CATADOR") is a corporation duly organized under the laws of the Commonwealth of

Puerto Rico that has its office and principal place of business at 352 Eugenio Maria de Hostos, San Juan, Puerto Rico 00917, where it is engaged in the operation of a fine dining restaurant. It has been in business since on or about July 1, 2013.

9.      Defendant PATRICIO'S RESTAURANT has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d) and is a person within the meaning of section 3(a) of the Act, 29 U.S.C. § 203(a).

10.     Defendant EL CATADOR has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d) and is a person within the meaning of section 3(a) of the Act, 29 U.S.C. § 203(a).

11.     Defendant JOSE ABREU-RAMIREZ is the President and owner of Defendant PATRICIO'S RESTAURANT and is in active control and management of the company.  He is also the chef and general manager of Defendant EL CATADOR. Defendant ABREU-RAMIREZ has the power to and does supervise, hire and fire employees of the corporate defendants and set the terms and conditions of their employment. Further, he has regulated the employment all persons he has employed and has acted directly and indirectly in the corporations' interests in relation to the employees. He is thus an employer of employees within the meaning of section 3(d) of the Act. 29 U.S.C. § 203(d).

12.     Defendant MILAGROS DE LOS SANTOS-GOMEZ is the President and owner of Defendant EL CATADOR and is in active control and management of the company. She is also the treasurer of Defendant PATRICIO'S RESTAURANT.  Defendant DE LOS SANTOS-

3

GOMEZ has the power to and does hire and fire employees of the corporate defendants and set the terms and conditions of their employment. Further, she has regulated the employment all persons she has employed and has acted directly and indirectly in the corporations' interests in relation to the employees. She is thus an employer of employees within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

13.     Upon information and belief, Defendants ABREU-RAMIREZ and DE LOS SANTOS-GOMEZ are husband and wife.

<u>Defendants Are an Enterprise Engaged in Commerce</u>

14.     The business activities of the defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

15.     During the relevant period since at least July 1, 2013, the corporate defendants have been operated under unified control by the individual defendants for a common business purpose of operating a fine dining establishment open to the public. Most of the employees employed at Defendant EL CATADOR formerly worked for Defendant PATRICIO'S RESTAURANT. As described herein, Defendants have employed the same employment practices at both restaurants through common control.

16.     Defendants have employed and are employing employees listed in Exhibit A in workweeks at their place of business engaged in commerce.

17.     Defendants have employed and are employing employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  These goods include but are not limited to

food, ingredients, and condiments. During the relevant period, the enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

The Department of Labor Investigation and Defendants' Pay and Timekeeping Practices

18.     On or about January 2014, the Wage and Hour Division of the U.S. Department of Labor ("WHD") commenced an investigation into the employment practices of Defendants under the FLSA ("the Investigation").

19.     Prior to the Investigation, Defendants did not maintain accurate records of their employees' daily or weekly hours. Defendants did not create or maintain adequate and accurate records of the times that their employees started and stopped work each day, or the total regular and overtime hours that their employees worked each week. Instead, Defendants' payroll records showed that most employees worked 40 hours per week every week, regardless of the actual number of hours that they worked.

20.     Beginning on or about February 2014, Defendants began to record their employees' daily hours or work but these records often do not contain all of the hours worked by their employees. For example, Defendants often record employees as taking break time each day even though the employees are required to continue working and are not taking a break.

21.     As disclosed by the Investigation, at all relevant times prior to approximately April or May 2014, Defendants paid employees employed as waiters at PATRICIO'S RESTAURANT a set salary of $290per week regardless of the number of hours worked. These employees often worked in excess of 40 hours per week, typically working an average of 43 hours per week or more. Defendants attempted to disguise this set salary on the restaurant's

payroll records by showing that employees earned $7.25 per hour for 40 hours each week.

22.    At all relevant times prior to approximately April or May 2014, Defendants required waiters at PATRICIO'S RESTAURANT to purchase and maintain uniforms of a tuxedo-style suit consisting of black pants, black vest, white shirt and bowtie. The average cost for the purchase and maintenance of this uniform was approximately $6.54 per week.

23.    At all relevant times, Defendants paid employees employed as cooks at PATRICIO'S RESTAURANT a set salary each week regardless of the number of hours worked. These cooks often worked in excess of 40 hours per week, typically working an average of 47 to 54 hours per week or more.

24.    At all relevant times prior to approximately May 2014, Defendants required cooks at PATRICIO'S RESTAURANT to purchase and maintain uniforms consisting of a white chef's coat. The average cost for the purchase and maintenance of this uniform was approximately $2.54 per week.

25.    As a result of receiving a set salary for all hours worked and paying for the costs of purchasing and maintaining the required uniform, Defendants did not pay some employees employed as waiters and cooks at PATRICIO'S RESTAURANT at least the applicable statutory minimum rate prescribed in Section 6 of the Act, 29 U.S.C. § 206(a).

26.    Defendants did not pay non-exempt employees employed at PATRICIO'S RESTAURANT one and one half times their regular rate of pay when they worked in excess of 40 hours per week but rather paid a set weekly salary.

27.    At all relevant times prior to approximately April or May 2014, Defendants paid employees employed as waiters at EL CATADOR a set salary of $290 per week regardless of the number of hours worked. These waiters often worked in excess of 40 hours per week, typically

working an average of 44 hours per week or more. On the restaurant's payroll records, Defendants attempted to disguise this set salary by showing that employees earned $7.25 per hour for 40 hours each week.

28.     At all relevant times prior to approximately April or May 2014, Defendants required waiters at EL CATADOR to purchase and maintain uniforms consisting of gray pants, white shirts and a burgundy vest. Waiters had to purchase these items from the restaurant or the Roma Apparel store. The average cost for the purchase and maintenance of this uniform was approximately $3.63 per week.

29.     At all relevant times prior to approximately April or May 2014, Defendants paid employees employed as cooks at EL CATADOR a set salary each week regardless of the number of hours worked. These cooks often worked in excess of 40 hours per week, typically working an average of 48 to 54 hours per week or more.

30.     As a result of receiving a set salary for all hours worked, Defendants did not pay some employees employed as cooks at EL CATADOR at least the applicable statutory minimum rate prescribed in Section 6 of the Act, 29 U.S.C. § 206(a).

31.     Defendants did not pay non-exempt employees employed at EL CATADOR one and one half times their regular rate of pay when they worked in excess of 40 hours per week but rather paid a set weekly salary.

32.     Prior to the Investigation, Defendants did not post a notice explaining the Act pursuant to 29 C.F.R. § 516.4 at either of the restaurants.

33.     In the Investigation, WHD found that Defendants had violated the minimum wage, overtime and recordkeeping provisions of the FLSA at the two restaurants.

34.     For Defendant PATRICIO'S RESTAURANT, WHD computed back wages of

$16,954.52 for the period of February 20, 2012 to February 16, 2014 for 18 employees.

35.     For Defendant EL CATADOR, WHD computed back wages of $10,898.54 for the period of July 1, 2013 to February 16, 2014 for 17 employees.

Defendants' Agreement to Pay Back Wages

36.     On or about April 7, 2014, Defendant PATRICIO'S RESTAURANT and Defendant EL CATADOR agreed to come into compliance with the FLSA and to pay the back wages found due pursuant to "back wage compliance and payment agreements."

37.     On or about April 7, 2014, Defendant ABREU-RAMIREZ signed back wage compliance and payment agreements for each restaurant as President of Defendant PATRICIO'S RESTAURANT INC. and as manager of Defendant EL CATADOR. Pursuant to the terms of the agreements, the defendant corporations agreed to pay the back wages found due in the Investigation directly to the employees and to deliver to WHD proof of payment, including WHD standard forms ("WH-58 forms") signed by employees setting forth their receipt of the wages, and copies of canceled checks. The agreements further provided that the defendant corporations would send to the Department of Labor checks for individuals who no longer worked at the restaurants and could not otherwise be located.

38.     These agreements expressly provide that the signing employer "waives all rights and defenses which may be available by virtue of the statute of limitations including but to limited to section 6 of the Portal to Portal Act (29 U.S.C. 255)."

39.     Among other provisions, the WH-58 form contains an employer certification stating that the employer "paid the above-named employee in full covering lost or denied wages, liquidated damages or other compensation as stated above. I further certify that I have not and will not retaliate against the above-named employee for accepting this payment and I have not

8

and will not ask the employee to return all of part of this payment to me."

40.     On or about May 15, 2014, Defendants PATRICIO'S RESTAURANT and EL CATADOR submitted signed WH-58 forms and canceled checks purporting to show that they had paid the back wages to all locatable employees. Defendant ABREU-RAMIREZ signed the employer certification on the WH-58 forms for the employees he was able to locate ("the located employees"). However, as set forth below, Defendants had not allowed located employees to keep the payments they were due in the Investigation and caused them to kick back or return the moneys to Defendants.

<u>Defendants' Retaliation and Kick-Back Scheme</u>

41.     Instead of allowing the located employees to keep the back wages that WHD had found due, Defendants ABREU-RAMIREZ and DE LOS SANTOS-GOMEZ required the located employees to return the signed checks to them. Defendants ABREU-RAMIREZ and DE LOS SANTOS-GOMEZ told employees that they had to sign the back wage checks but that ABREU-RAMIREZ and DE LOS SANTOS-GOMEZ would keep the checks and that the employees had to cooperate with them in doing so. The located employees understood that if they did not sign and return the checks and the WH-58 forms, Defendants ABREU-RAMIREZ and DE LOS SANTOS-GOMEZ would terminate their employment.

42.     As a result of Defendants ABREU-RAMIREZ and DE LOS SANTOS-GOMEZ's actions, many located employees felt that they had to falsely sign the WH-58 form stating that they had received the back wages.

43.     As a result of Defendants ABREU-RAMIREZ and DE LOS SANTOS-GOMEZ's actions, many located employees felt that they could not cooperate in the Investigation and collect their back wages without suffering the loss of their employment.

44.     As a result of Defendants ABREU-RAMIREZ and DE LOS SANTOS-GOMEZ's actions, the located employees did not receive the back wages that were found due as a result of the Investigation.

45.     For one former employee who no longer was employed by Defendants, one or more Defendant forged this employee's signature on the check and this employee did not receive the back wages found due in the Investigation.

## FIRST CAUSE OF ACTION
Violation of Section 15(a)(3) of the FLSA, Retaliation

46.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1-43 of the Complaint.

47.     Defendants' scheme to cause their located employees to return the back wage checks to which the employees were entitled in the Investigation prohibited the employees from cooperating fully in the Investigation.

48.     By engaging in the conduct set forth in paragraphs 40 through 46 above, Defendant have violated and are continuing to violate Section 15(a)(3) of the FLSA, 29 U.S.C § 215(a)(3), by discriminating against employees for engaging, or preparing to engage, in activity that is protected by the FLSA, specifically cooperating in the Investigation. Defendants' violation of Section 15(a)(3) of the Act is willful and continuing.

## SECOND CAUSE OF ACTION
Violation of Sections 6(a) and 15(a)(2) of the FLSA, Failure to Pay Minimum Wages

49.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 48 of the Complaint.

50.     As a result of Defendants' practices of paying set salaries to employees regardless of the number of hours worked and of requiring employees to purchase their own uniforms,

Defendants have willfully and repeatedly violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act, by paying many of their employees employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act, typically less than $7 per hour.

51.     Defendants' requirement that the located employees return the back wages that were due as a result of the Investigation means that Defendants have not paid the minimum wages found due for the Investigation period and that such employees have not received such wages.

52.     Thus, defendants are liable for unpaid minimum wage compensation owing to their employees under section 6 of the Act and an additional equal amount as liquidated damages pursuant to section 16(c) of the Act, or in the event liquidated damages are not awarded, minimum wage compensation and prejudgment interest on said minimum wage compensation under section 17 of the Act.

53.     As described herein, Defendants' actions have been willful. For example, Defendants' attempted to disguise their payment of set salaries each week by creating payroll documents purporting to pay the minimum wage of $7.25 per hour for 40 hours of work, even though employees usually worked more than 40 hours per week. Defendants willfully and repeatedly have violated the Act since at least February 20, 2012.

### THIRD CAUSE OF ACTION
Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

54.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 53 of the Complaint.

55.     As a result of Defendants' practice of paying set salaries each week to their non-exempt employees such as waiters and cooks regardless of the number of hours worked,

Defendants compensated their employees at regular rates for all hours worked, even hours in excess of 40 in a workweek. Defendants have willfully and repeatedly violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act by not paying additional premiums of one-half employees' regular rate for hours worked by employees in excess of 40 in a workweek.

56.    Defendants' requirement that the located employees return the back wages that were due as a result of the Investigation means that Defendants have not paid the overtime wages found due for the Investigation period and that such employees have not received such wages.

57.    Therefore, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## FOURTH CAUSE OF ACTION
Violation of Sections 11(c) and 15(a)(5)

58.    The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 57 of the Complaint.

59.    Defendants willfully and repeatedly have violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, Defendants failed to keep adequate and accurate records of their employees' full names and addresses, actual daily and weekly hours of work, basis of pay, regular rate of pay, and total weekly straight time and overtime payments.

**WHEREFORE,** cause having been shown, Plaintiff prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act; and

(2)     An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those person in active concern or participation with Defendants, from causing any employee to "kick back" or return any back wages or liquidated damages found due pursuant to this Complaint, or terminating or threatening to terminate any employee, or retaliating or discriminating against their employees in any other way, based on their belief that such employees has cooperated with the Department of Labor; and

(3)     An injunction issued pursuant to Section 17 of the Act requiring that all employees due back wages or liquidated damages in this Complaint be notified that they have the right to receive and keep the back wages or liquidated damages found due and to be free from any intimidation, coercion, or threats to return such amounts to Defendants; and

(4)     For an order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional minimum wage and overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or

(5)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of

unpaid overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

      (6)    For an order awarding Plaintiff the costs of this action; and

      (7)    For an order granting such other and further relief as may be necessary and appropriate.

DATED:      February 19, 2015
                 New York, New York

                                       Respectfully submitted,

                                       M. PATRICIA SMITH
                                       Solicitor of Labor

                                       JEFFREY S. ROGOFF
                                       Regional Solicitor

                                       MOLLY K. BIKLEN
                                     Bar No. G01602
                                     Senior Trial Attorney
                                     U.S. Department of Labor
                                     Office of the Regional Solicitor
                                     201 Varick Street, Room 983
                                     New York, NY 10014
                                     (646) 264-3676; (646) 264-3660 (fax)
                                     Biklen.Molly@dol.gov
                                     NY-SOL-ECF@dol.gov

                                     U.S. Department of Labor,
                                     Attorneys for THOMAS E. PEREZ,
                                     Secretary of Labor, Plaintiff